UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :     ECF CASE
ACE AMERICAN INSURANCE COMPANY                                   :
                  Plaintiff,                                     :
         - against -                                             :     **COMPLAINT**
                                                                 :
ALBATRANS INC.;                                                  :
CARGOJET AIRWAYS LTD.,                                           :
                  Defendants.                                    :
                                                                 :
-----------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its complaint against Defendants upon information and belief:

1. Plaintiff seeks recovery of compensatory damages arising from damage and loss to a shipment of Wild Turkey liquors which Defendants contracted to transport in international air transportation from New York to Milan, Italy.

2. Plaintiff ACE American Insurance Company ("ACE" or "Plaintiff") is a corporation organized under the laws of, and with its principal place of business in, the State of Pennsylvania, and is authorized to conduct insurance business in New York. Plaintiff sues herein as subrogee and assignee of Campari America LLC who was at all material times the owner and shipper of the subject shipment, the named shipper on the lead air waybill, and the entity which sustained the direct losses as a result of the cargo damage.

3. Defendant Albatrans Inc. ("Albatrans"), also doing business as Albatrans USA, is believed to be a New York corporation with its principal place of business in New York. At all material times Albatrans was a service provider for Plaintiff's subrogor

and an indirect air carrier who issued an air waybill which names Campari America LLC dba Campari America as the shipper of record.

4. Defendant Cargojet Airways Ltd., also referred to as Cargojet Airways Inc., (hereinafter "Cargojet") is believed to be a corporation organized under the laws of, and with its principal place of business in, the Dominion of Canada.  At all material times Cargojet was engaged in the business of an air carrier of cargo for hire and conducted business in the United States, including in the State of New York, and provided certain such services in New York with respect to the Shipment.

5. This action arises under a treaty of the United States, specifically the Convention for Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force Nov. 4, 2003) ("Montreal Convention").

6. This Court also has federal question subject matter jurisdiction pursuant to 28 U.S.C.A. §1331 as the claims in suit arise in whole or in part under federal law, including federal common law, and/or are supplemental claims within the meaning of 28 U.S.C. § 1367 to certain of the foregoing claims.

7. Venue and jurisdiction are proper pursuant to the Montreal Convention and 28 U.S.C. § 1391 as New York is identified in the air waybills as the airport of departure and the place where the subject air waybills were issued.

8. In addition the subject transportation involved certain custody and carriage in, to and/or through New York and the subject cargo damage occurred within the boundaries of the New York airport of departure.

9. This action arises from damage to part of shipment of 1608 cases of Wild Turkey liquors intended for resale and human consumption which was in good order and condition when received by or on behalf of the Defendants at the place of receipt in New York as further described in Albatrans air waybill ABTA12102057 and Cargojet air waybill 489-67284814 both dated November 4, 2021, and others (hereinafter "the Shipment").

10. The air waybills were issued "clean" and without exception or notation as to damage or other irregularity and represented that the Shipment was to be carried from New York to Milan, Italy.

11. The duties and responsibilities of Albatrans and/or Cargojet included air transportation from New York to Milan in addition to certain carriage and custodial duties prior to said air transportation.

12. During the course of transportation, handling, and/or storage by Defendants, or entities acting on their behalf, part of the Shipment sustained damage which rendered the liquors unfit for intended distribution, sale and consumption.

13. Out of the shipment of 1608 cases of Wild Turkey 220 cases were dropped during aircraft loading at the airport of departure.

14. As a result of the foresaid the Wild Turkey liquors in the 220 cases were rendered unfit for intended distribution, sale and consumption.

15. As a proximate result of the aforesaid, Plaintiff, and those on whose behalf it sues, sustained damages in the amount of $16,434.00 plus incidental expenses, including survey fees in the amount of $1,809.40, no part of which has been paid

although duly demanded. Plaintiff reserves the right to increase the claim amount based on the market value selling price of the liquors.

16. Plaintiff has complied with all conditions precedent required of it under the premises and sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

17. Each cause of action herein is pled in the alternative.

## FIRST CAUSE OF ACTION
### (Breach of Contract and Montreal Convention Air Treaty)

18. Plaintiff repeats and realleges the allegations in paragraphs 1 through 17 of this complaint.

19. This cause of action arises under the Montreal Convention.

20. For agreed consideration consisting of enhanced freight fees and other charges, Defendants contracted to provide specialized care for the Shipment during all periods of custody and carriage, and to transport the Shipment from the place of receipt in New York to the place of delivery in Italy.

21. Defendants breached their duties and obligations under the carriage contracts, the air waybills, and under the Montreal Convention, by failing to provide the requisite care for the Shipment during handling at the airport of departure.

22. As a proximate result of the conditions to which the Shipment was exposed during the custody of Defendants and/or entities acting on their behalf, the kiosks and accessories sustained damage, including but not limited to wetting damage, and could not be distributed, sold, or used as intended.

23. As a proximate result of the aforesaid, Plaintiff, and those on whose behalf it sues, sustained damages in the amount of $16,434.00 plus incidental expenses,

including survey fees in the amount of $1,809.40, no part of which has been paid although duly demanded. Plaintiff reserves the right to increase the claim amount based on the market value selling price of the liquors.

## SECOND CAUSE OF ACTION
### (Breach of Bailment Obligations)

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 4, 6, and 8 through 17 of this complaint.

25. At the time the aforementioned cargo damage occurred Defendants were acting as bailees of the Shipment and in their own capacity, or through contractors, agents, servants or sub-bailees, had the duty to safely and properly keep, care for and deliver the Shipment in the same good order and condition as when entrusted to it at the place of receipt.

26. Defendants also had a duty to ensure that the services provided for the Shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

27. Defendants, and/or entities acting on their behalf, breached the aforesaid duties and obligations and negligently mishandled and dropped part of the Shipment resulting in damage and loss as outlined herein.

28. As a proximate result of the aforesaid, Plaintiff, and those on whose behalf it sues, sustained damages in the amount of $16,434.00 plus incidental expenses, including survey fees in the amount of $1,809.40, no part of which has been paid although duly demanded. Plaintiff reserves the right to increase the claim amount based on the market value selling price of the liquors.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants jointly and severally

  (a)  for the sum of $18,243.40;

  (b)  for prejudgment interest at the rate of 9% *per annum;*

  (c)  for the costs of this action, including reasonable attorneys' fees;

  (d)  for such other and further relief as deemed proper and just.

Dated: October 24, 2023

              Law Office,
              David L. Mazaroli

              *s/David L. Mazaroli*

              _____
              David L. Mazaroli
              Attorney for Plaintiff
              250 Park Avenue – 7th Floor
              New York, NY 10177
              Tel.: (212)267-8480 Fax.: (212)732-7352
              E-mail: dlm@mazarolilaw.com